VICTORY, J.,
dissenting.
hi dissent from the majority opinion. I agree with the findings of the district court regarding the Title 24 statutes, because in my view, the Louisiana High School Athletic Association (“LHSAA”) is a “quasi public body” for purposes of La. R.S. 24:513(A)(l)(a) and (J)(4)(a), as defined in La. R.S. 24:513(A)(l)(b)(v). These statutes allow the Louisiana Legislative Auditory (“LLA”) to “compile financial statements and to examine, audit, or review the books and accounts of ... public or quasi public agencies or bodies.” La. R.S. 24:513(A)(l)(a). A “quasi public agency or body” includes “[a]ny organization, either not-for-profit or for profit, which is subject to the open meetings law and derives a portion of its income from payments received from any public agency or body.” La. R.S. 24:513(A)(l)(b)(v). I agree with our holding in Spain v. Louisiana High School Athletic Association, 398 So.2d 1386 (La.1981), that the LHSAA is a quasi public body for the limited purpose of La. La. R.S. 42:5, the Open Meetings Law. Its incorporation in 1988 does nothing to change its status as such. Further, the LHSAA is a quasi public entity because some of its membership dues come from ^public high schools. The LHSAA also receives a percentage of the gate receipts of many major tournaments, championships, playoff games, etc., and the proper use of those funds is a legitimate State interest or public concern. If the Legislature intended the LLA to audit only those entities which receive tax-appropriated funds, it would have written the statute differently.
Further, I do not believe the LHSAA has met its burden of proving application of the Title 24 statutes violates its due process or equal protection rights. The LHSAA has not pointed out any person or association that is “similarly situated” because the associations cited in its Motion for Summary Judgment do not have any Louisiana public schools as members. In my view, the Title 24 statutes are not arbitrary and capricious and are rationally related to the legitimate interest of ensuring the proper use of State funds and promoting accountability and transparency in these organizations. Requiring quasi public entities like the LHSAA to be audited allows the Legislature to hold the entities accountable for the funds they receive and ensure they are performing their quasi public functions properly.
In addition, I believe the majority errs in declaring the Title 17 statutes unconstitutional. In my view, the legislature had the authority to enact the statutes because education and athletics are within the regulatory scope of the State. See Spain, 398 So.2d 1386. Since the Title 17 statutes clarify certain eligibility rules, they are neither arbitrary nor capricious and are rationally related to the important state interests of education and promoting high school athletics. The statutes do not violate the Equal Protection Clause because they do not treat the LHSAA different from other similarly situated associations. The MAIS and the LCSAA are not similarly situated to the LHSAA because neither have a public school as a member. Further, the Title 17 statutes do not offend La. Const, art. Ill, § 12(A)(7) because they do not amend the charter of the LHSAA, but only set out certain ^eligibility rules, some of which may con *611 flict with certain of the LHSAA’s bylaws. In addition, they are general laws because they pertain to matters of significant interest to the entire state and affect all Louisiana residents, even if some only indirectly. See Polk v. Edwards, 626 So.2d 1128, 1134 (La.1993).
In conclusion, I agree with the arguments of the Department of Education and the Governor, that the LHSAA performs a major policymaking, advisory, and administrative function within public education, a subject under the Legislature’s control. La. Const, art. VIII, § 1. The LHSAA is a quasi public organization, carrying out activities which fall within the Legislature’s authority. High school athletics are a matter of public interest due to the important role athletics play in the State’s education system, and specifically because of the relationship between student eligibility and the State’s education reform efforts. Title 17 and Title 24 statutes are sound education policy, enacted by the Legislature in an exercise of its constitutional authority to provide education for the people of the State. Having to forego participation in high school athletics would deter many parents of student-athletes from exercising school choice, including home schooling. Such a deterrent thwarts the Legislature’s efforts to improve public schools by forcing them to face increased competition for students and parents choosing the best learning environment for their children. Other states have enacted similar legislation requiring state high school athletic associations to allow home school and private school students to participate in public school interscholastic sports.
For all of the above reasons, I respectfully dissent.